**In re John BUDDE, Debtor.**

**Bankruptcy No. 87–04489 M.**

United States Bankruptcy Court,
D. Colorado.

Oct. 22, 1987.

* Of the District of Rhode Island, sitting by desig-

J. Bruce Terchman, Denver, Colo., for debtor.

Michael J. Guerson, Denver, Colo., for Travelers Ins. Co.

Barbara A. Shangraw, Denver, Colo., for Federal Deposit Ins. Corp.

Dahil Goss, Denver, Colo., for other creditor.

### ORDER DENYING MOTION TO DISMISS THE CHAPTER 12 PETITION

ARTHUR N. VOTOLATO, JR.*, Bankruptcy Judge.

Heard on July 6, 1987, on the debtor's objection to the motion to dismiss the petition filed by Travelers Insurance Co., Federal Deposit Insurance Corp. ("FDIC"), and Farmer's Home Administration. The mov-

nation.

ants allege that the debtor does not qualify as a "family farmer," 11 U.S.C. § 101(17), in that his aggregate debts exceed $1,500,000 and thus is ineligible for relief under Chapter 12, 11 U.S.C. § 1201, *et seq.*

For the purpose of this motion the three most important claims are the one held by FDIC, in the principal amount of $103,279.45, plus a disputed amount of interest (approximately $47,000), and alleged claims of Ford Motor Credit Corp. of $58,000 and Cessna Finance Credit Corp. of $91,000. If either the claim of Ford or Cessna, or the disputed interest on the FDIC claim is included in the aggregate debt total, Budde would be over the $1,500,000 Chapter 12 debt limit.

■ Budde testified that prior to the filing of his petition, he returned the collateral to Ford (a tractor) and to Cessna (an aircraft). He also testified that both the Ford and Cessna local dealers from whom he had purchased the tractor and the airplane respectively, agreed that in exchange for the voluntary surrender of the collateral, Budde would have no further liability. Debtor's testimony regarding the alleged debts to Ford and Cessna was uncontradicted, and we find it credible. Therefore, for the purpose of this motion, we find that on the date of the petition John Budde was not indebted to either Ford or to Cessna.

■ The status of the FDIC debt is somewhat different, in that Budde does not dispute the principal amount owed to the FDIC. However, Budde argues that because the interest rate claimed by FDIC was not definitively specified in the original loan agreement, nor furnished to debtor despite his requests, it is therefore unenforceable against the debtor under 11 U.S.C. § 502(b)(1), and FDIC is not entitled to any interest whatsoever. In the alternative, debtor contends that if FDIC has any entitlement to interest, that amount should be computed at the legal rate, eight percent, simple interest annually. Naturally, FDIC disagrees with the debtor's position and argues that it is entitled to interest based on and in accordance with the language in the loan documents. However, neither party has cited any applicable Colorado authority, and we feel that a determination of the amount of the FDIC claim should not be based on what has been presented on this motion to dismiss (it is more accurate to say—on what has *not* been presented on this motion to dismiss). The incomplete record and absence of any helpful authority make it inappropriate to render such a decision at this time. Accordingly, for the purpose of jurisdiction only, we find as a preliminary matter that the debtor's aggregate debts do not exceed $1,500,000. FDIC is not precluded by this Order from attempting to prove its claim, on the merits, at a later time.

Therefore, for the foregoing reasons the motion to dismiss is denied.